IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | Case No. 04 B 04840 |
| GARY ROSENBERG and | ) | (Jointly Administered) |
| CANTERBURY DEVELOPMENT | ) | Judge A. Benjamin Goldgar |
| CORPORATION | ) | |
| | ) | |
| Debtors. | ) | |

**APPLICATION OF TRUSTEE'S ATTORNEYS
FOR THE ALLOWANCE OF FINAL COMPENSATION**

Now come Scott N. Schreiber and the law firm of Much Shelist Freed Denenberg Ament & Rubenstein, P.C. (the "Applicant" or "Much Shelist"), attorneys for Leonard Groupe, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), and move this Court pursuant to Sections 330 and 331 of the Bankruptcy Code [11 U.S.C. §§ 101 *et seq*.](the "Code") and Bankruptcy Rule 2016, for the allowance and payment of final compensation for services rendered during the period May 23, 2004 through June 6, 2005.  In support of this Application, the Applicant respectfully states as follows:

1.     On February 9, 2004, Gary A. Rosenberg ("Rosenberg"), filed a voluntary petition for relief under Chapter 7 of the Code.  Horace Fox (the "Rosenberg Trustee") was subsequently appointed, qualified and continues to serve as the trustee for Rosenberg herein.

2.     On February 13, 2004, Canterbury Development Corporation ("Canterbury") filed its own voluntary petition for relief under Chapter 7 of the Code.  Canterbury is an Illinois corporation that is run and owned principally by Rosenberg.  Leonard Groupe (the "Canterbury Trustee") was subsequently appointed, qualified and continues to serve as the Canterbury Trustee.

3. On April 5, 2004, this Court entered an Order authorizing the Joint Administration of the Rosenberg and Canterbury cases under the above-captioned case. The Rosenberg case and the Canterbury case have not been substantively consolidated.

4. On June 7, 2004, this Court granted the Canterbury Trustee's Application for authority to employ Much Shelist as his counsel in this case.

5. To date, Much Shelist has not sought, and this Court has not awarded, Much Shelist any compensation or reimbursement of expenses whatsoever for the services rendered by it to the Canterbury Trustee in this case.

6. Other than as permitted under § 504 of the Code, Much Shelist has no agreement with any other person or firm with regard to its compensation in this case.

7. Much Shelist respectfully represents that it is entitled to final compensation in the amount of $9,553.00 for services rendered during the period May 23, 2004 through June 6, 2005. Much Shelist incurred no out-of-pocket expenses in its representation of the Canterbury Trustee.

8. During the time period covered by this application, Much Shelist provided 24.50 hours of services to the Canterbury Trustee.

9. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Scott N. Schreiber | 15.80 | $425.00 | $6,715.00 |
| James E. Morgan | 2.70 | $340.00 | $918.00 |
| William S. Hackney | 6.00 | $320.00 | $1,920.00 |
| TOTAL: | **24.50** | | **$9,553.00** |

10. Attached hereto and made a part hereof as Exhibit A are statements of services rendered during the period from May 23, 2004 through June 6, 2005. The services rendered are listed chronologically and are separated by activity. Certain time entries could have been listed under different activities, but there is no duplication of time entries. The services were rendered

573631_1                                                2

in connection with and in furtherance of assisting the Canterbury Trustee in the performance of his duties as delineated by § 704 of the Code.

11. At all relevant times, Much Shelist has taken care to avoid duplication of services. There were instances when more than one Much Shelist attorney was involved in a particular meeting or conference. In those instances, joint participation was necessary because of the matter at hand, the continuity of the representation or the expertise of the attorneys involved.

12. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. The Applicant's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

13. The services provided to the Canterbury Trustee by the Applicant have been broken down as follows:

A. **General Administration (Exhibit A):** Much Shelist provided 24.50 hours of services to the Canterbury Trustee in connection with general administrative matters. Much Shelist attorneys spent time under this category preparing, filing and attending the hearing on an application to employ it as counsel to the Canterbury Trustee, preparing for and attending the Meeting of Creditors, researching issues involving consolidation, and reviewing and analyzing the Debtor's books and records. Much Shelist also spent time under this category preparing its Final Fee Application.

The individuals who provided services to the Canterbury Trustee under this activity and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Scott N. Schreiber | 15.80 | $425.00 | $6,715.00 |
| James E. Morgan | 2.70 | $340.00 | $918.00 |
| William S. Hackney | 6.00 | $320.00 | $1,920.00 |
| TOTAL: | 24.50 | | **$9,553.00** |

14. The services rendered by Much Shelist as the Canterbury Trustee's counsel have resulted in a substantial benefit to the Canterbury Trustee and to the creditors of this estate. First of all, as evidenced by the minimal amount of fees requested in this Fee Application, the Joint Administration of this matter with Rosenberg's personal bankruptcy has resulted in substantial cost savings to this estate. As Canterbury was principally owned and run by Rosenberg, investigation and discovery in that case invariably involved issues surrounding Canterbury and its financial dealings as well. Thus, many of the issues which Much Shelist would have pursued solely in the Canterbury case are already being addressed in the Rosenberg case. This has saved the Canterbury Trustee and the creditors of this estate countless man hours and tens of thousands of dollars.

15. In short, by leveraging off the experience and information that Much Shelist gained by representing the Rosenberg Trustee, Much Shelist was able to expand its investigation into the workings of this estate and educate the Canterbury Trustee about assets available to it, including the estate's interest in real estate developments. Indeed, it was the sale of the estate's real estate interests that created the majority of funds in this case.

WHEREFORE, Much Shelist Freed Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

A. Awarding Much Shelist final compensation in the amount of $9,553.00, for services rendered during the period May 23, 2004 through June 6, 2005;

B. Authorizing the Canterbury Trustee to pay Much Shelist Freed Denenberg Ament & Rubenstein, P.C. forthwith the amounts awarded as a Chapter 7 administrative expense of this estate; and

C. Granting such other and further relief as this Court deems just and appropriate.

Dated: July 6, 2005
       Chicago, Illinois

                                  MUCH SHELIST FREED DENENBERG
                                  AMENT & RUBENSTEIN, P.C.


                                  By: /s/ William S. Hackney
                                     One of Its Attorneys

Scott N. Schreiber, ARDC No. 06191042
James E. Morgan, Fed. I.D. No. 090785074
William S. Hackney, ARDC No. 06256042
MUCH SHELIST FREED DENENBERG
       AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile: 312.521.2100